# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE W. CHENNAULT, CDCR #D-93021,<br><br>Plaintiff,<br><br>vs.<br><br>MORRIS; R. CAMPBELL; N. RIDGE; LOWE; P. NEWTON; K. SEELY; M. GLYNN,<br><br>Defendants. | Civil No.  13cv0854 BTM (KSC)<br><br>**ORDER DENYING MOTION FOR PROTECTIVE ORDER**<br><br>**(ECF Doc. No. 32)** |

Plaintiff has filed a Motion entitled "Notice for Consideration, for Protective Order." (ECF Doc. No. 32). In this Motion, Plaintiff seeks an Order from this Court allowing him to correspond with another inmate who is assisting him in this legal matter if he is transferred to another prison or alternatively, an Order issuing a stay of a transfer until this legal matter is concluded.

As to Plaintiff's request that the Court issue a stay allowing Plaintiff to "remain at [Richard J. Donovan Correctional Facility] until the conclusion of this litigation," this request must be denied. First, Plaintiff does not have a constitutional right to be housed at a particular institution or to receive a particular security classification. *See Olim v. Wakinekona,* 461 U.S. 238, 244-50 (1983). Second, Plaintiff asserts that the

classification committee is currently considering Plaintiff's transfer but none of the named Defendants in this case are alleged to be members of this classification committee. Therefore, the Court does not have personal jurisdiction over the members of the prison's classification committee.

As for Plaintiff's request for a Court Order allowing him to correspond with another inmate, this request must also be denied. The Supreme Court has held that an inmate's legal assistance to any other inmate is no more deserving of First Amendment protection than any other prisoner speech. *Shaw v. Murphy,* 532 U.S. 223 (2001) ("[S]ome First Amendment rights are simply inconsistent with the corrections system's legitimate penological objectives and thus, the Court has sustained restrictions on, e.g. inmate-to-inmate written correspondence.")

To grant Plaintiff's request would require this Court to interfere with a prison's regulation. Courts weigh four factors to determine whether a prison regulation is reasonably related to legitimate penological interests: (1) whether there is a valid rational connection between the prison regulation and the legitimate government interest put forward to justify it; (2) whether there are alternative means of exercising the right that remain open to prison inmates; (3) whether accommodation of the asserted constitutional right will impact guards and other inmates or prison resources generally; and (4) whether there is an absence of ready alternatives versus the existence of obvious, easy alternatives. *Turner v. Safely*, 482 U.S. 78, 89–90 (1987). In conducting this analysis, courts are to give significant deference to the views of prison officials in light of the "inordinately difficult" nature of prison operation. *Id.* at 84-85. Plaintiff's Motion fails to address any of the *Turner* factors.

For all the above stated reasons, Plaintiff's Motion must be DENIED.

DATED: April 21, 2014

BARRY TED MOSKOWITZ, Chief Judge
United States District Court