1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE W. CHENNAULT,<br>CDCR #D-93021,<br><br>                                    Plaintiff,<br><br>                vs.<br><br>MORRIS, et al.,<br><br>                                    Defendants. | Civil           13cv0854 BTM (KSC)<br>No.<br><br>**ORDER DENYING PLAINTIFF'S**<br>**MOTION FOR**<br>**RECONSIDERATION**<br><br>**(ECF No. 51)** |

## I.      Procedural History

Plaintiff, an inmate currently housed at the California Medical Facility, is proceeding pro se in this action filed pursuant to 42 U.S.C. § 1983.  On June 9, 2014, this Court denied Plaintiff's Motion for Appointment of Counsel, granted Defendants Campbell, Ridge, Newton, Seely, Glynn and Lowe's Motion to Dismiss and denied Defendant Morris' Motion to Dismiss.  (ECF No. 39.)  Plaintiff was given the option of amending his complaint to correct the deficiencies of pleading as to the claims against Campbell, Ridge, Newton, Seely, Glynn and Lowe or notify the Court of the intent to proceed as to Defendant Morris only.  Plaintiff chose to voluntarily dismiss the claims against Campbell, Ridge, Newton, Seely, Glynn and Lowe and proceed as to Defendant Morris.  (ECF No. 45.)  The Court ordered Defendant Morris to file a responsive pleading

to Plaintiff's complaint.  (ECF No. 48.)  Defendants Campbell, Ridge, Newton, Seely, Glynn and Lowe were dismissed from this action.  (*Id.*)  Thus, the sole remaining claim against Defendant Morris relates to Plaintiff's alleged need for a soft diet.

Plaintiff has now filed a "Motion to Inform the Court of Plaintiff's Deteriorating Health Condition C.O.P.D. and P.T.S.D."  (ECF No. 51.)  In this Motion, Plaintiff references his medical condition that is unrelated to his soft diet claims.  In addition, Plaintiff raises the claims he previously made against Defendant Ridge, who Plaintiff voluntarily dismissed from this action, along with new retaliation claims.  None of these claims are properly before this Court as they have all been dismissed or have not been alleged in the operative pleading.  Therefore, the Court will not consider these claims but will address Plaintiff's request for reconsideration of the Court's Order denying Plaintiff's request for appointment of counsel.

## II.    Plaintiff's Motion

### A.    Standard of Review

Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding."  FED.R.CIV.P. 60(c).   Reconsideration under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifying relief.  FED.R.CIV. P. 60(b).

### B.    Plaintiff's claims

Plaintiff claims that while he has had "inmates, here and there, helping him with his legal work," he "strongly needs assistance of counsel."  (Pl.'s Mot. at 7.)  However, "[t]here is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  Federal courts do not have the authority "to make coercive

appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989).

Districts courts do have discretion pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'"*Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

So long as a pro se litigant, like Plaintiff in this case, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might *require* the appointment of counsel do not exist. *Rand*, 113 F.3d at 1525 (citing *Wilborn*, 789 F.2d at 1331) (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better– particularly in the realms of discovery and the securing of expert testimony.").

In this case, Plaintiff has demonstrated his ability to articulate essential facts supporting his claims. In addition to the extent that Plaintiff's medical condition results in a need for additional time to file his pleadings, the Court has shown a willingness to provide Plaintiff with extensions of time when warranted. Moreover, Plaintiff's action involves one claim against one Defendant and is not complex. Thus, the Court finds that neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987). A motion for reconsideration cannot be granted merely because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent or because he disagrees with the ultimate decision. *See* 11 Charles Alan Wright & Arthur R. Miller

1    *Federal Practice & Procedure* 2d § 2858 (Supp. 2013) (citing *Edwards v. Velvac, Inc.*,

2    19 F.R.D. 504, 507 (D. Wis. 1956)).

3    **III.    Conclusion and Order**

4          Accordingly, Plaintiff's Motion brought pursuant to FED.R.CIV.P. 60 (ECF No. 51)

5    is hereby **DENIED** without prejudice.

6

7    **IT IS SO ORDERED.**

8    Dated:   September 16, 2014                               

9                          **BARRY TED MOSKOWITZ, Chief Judge**
                            United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28