# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE W. CHENNAULT, CDCR #D-93021,<br><br>  Plaintiff,<br><br>vs.<br><br>MORRIS, et al.,<br><br>  Defendants. | Civil No. 13cv0854 BTM (KSC)<br><br>**ORDER:**<br><br>**(1) DENYING MOTIONS FOR APPOINTMENT OF COUNSEL; AND**<br><br>**(2) GRANTING IN PART AND DENYING IN PLAINT PLAINTIFF'S MOTION TO AMEND COMPLAINT**<br><br>**(ECF Nos. 55, 57, 59)** |

## I.  Procedural History

Plaintiff, an inmate currently housed at the California Medical Facility, is proceeding pro se in this action filed pursuant to 42 U.S.C. § 1983. Following various motions, the only remaining claims are against Defendant Morris.

On June 9, 2014, the Court denied Plaintiff's motion for appointment of counsel. (ECF No. 39.) Plaintiff later filed a motion for reconsideration of the Court's ruling on this motion which was also denied on September 16, 2014. (ECF No. 53). Just two

weeks later, Plaintiff filed two more motions to appoint counsel, a declaration of indigency and a motion to amend the Complaint. (ECF Nos. 55, 57, 59.)

## II. Motions to Appoint Counsel

In these motions, Plaintiff claims that he is indigent and "appointed counsel would know how to brief petitioner's issues to the court." (Pl.'s Mot., ECF No. 55, at 2.) First, the Court has already found that Plaintiff is indigent when the Court granted Plaintiff *in forma pauperis* ("IFP") status. (ECF No. 3.)

Second, as the Court has informed Plaintiff previously, the Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, this matter involves a limited number of claims against one Defendant. Plaintiff was able to adequately state a claim that permitted the Court to order the action to proceed against this Defendant. If Plaintiff should ultimately not prevail in this civil action, there is no foreseeable risk at this time that he would lose his physical liberty. Thus, the Court finds there are no "exceptional circumstances" in this matter that would require the Court to appoint counsel at this stage of the proceedings.

Therefore, the Court denies Plaintiff's motions to appoint counsel and informs Plaintiff that the Court will entertain renewed motions only upon a significant change in the posture of this case.

/ / /

### III.  Motion to Amend

Plaintiff has also filed a motion seeking to amend the amount of compensatory and punitive damages he is seeking, to amend his request for injunctive relief and add an amount for attorney fees. The Court will grant Plaintiff's request to change the amount of monetary damages and to amend his request for injunctive relief but denies his request for attorney fees. Plaintiff is representing himself and is not entitled to attorney fees. Should Plaintiff retain counsel at some future point, the Court will reconsider this decision.

### IV.  Conclusion and Order

Based on the foregoing, the Court hereby:

(1) DENIES, without prejudice, Plaintiff's Motions to Appoint Counsel (ECF Nos. 55, 57); and

(2) GRANTS, in part, and DENIES, in part, Plaintiff's Motion to Amend Complaint. The prayer for injunctive relief, compensatory and punitive damages found in Plaintiff's Complaint (ECF No. 1) is stricken and replaced with the new prayer set forth in Plaintiff's Motion to Amend (ECF No. 59). The Court strikes Plaintiff's prayer for relief to the extent that he requests attorneys fees.

**IT IS SO ORDERED.**

DATED:  October 14, 2014

BARRY TED MOSKOWITZ, Chief Judge
United States District Court